IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |  |
| Plaintiff, | ) ) | No. <u>04-2730 MaP</u> |
| vs. | ) ) |  |
| CLEVELAND CONSTRUCTION, INC., | ) ) |  |
| Defendant. | ) |  |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Before the court is Plaintiff Equal Employment Opportunity Commission's ("the Commission") Motion for Leave to File First Amended Complaint, filed on September 15, 2005 (dkt #43). Defendant Cleveland Construction, Inc. ("Cleveland") filed its response in opposition on September 29, 2005. For the following reasons, the motion is GRANTED.

### I. BACKGROUND

The Commission filed this lawsuit on September 15, 2004, alleging Cleveland violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 <u>et. seq.</u> and Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 1981. The Commission asserts that during construction of the FedEx Forum Arena in Memphis, Cleveland

terminated the employment of a class of African American employees ("Charging Parties") because of their race and replaced them with Hispanic workers ("new employees").

During discovery, the Commission deposed Salvatore Palma, who served as superintendent/supervisor for Cleveland during the construction of the FedEx Forum Arena. Palma testified that as supervisor, he determined how many employees were necessary and hired the employees himself. (Palma Dep. at 77, 88-89). He also testified that as part of the hiring process, his wife and secretary, Bonnie Palma, maintained a notepad of applicants who sought employment. (Palma Dep. at 97). The applicants would "write their names and the date. They would write their experience and what they know how to do . . . and how many years they've done it." (Palma Dep. at 97). Palma testified further that the notepad replaced formal applications as the primary source of data memorialzing job applicant information. (Palma Dep. at 102).

The basis for the Commission's motion is Palma's testimony concerning the maintenance of the notepad. When asked whether he had knowledge of the notepad's present location, Palma testified that "[i]t's probably in the garbage somewhere in the dump. . . It's just a pad that we kept and we threw - discarded away. It wasn't destroyed. We just discarded it away." (Palma Dep. at 105). Palma testified further that he and his wife did not retain the notepad sheets that listed the employees' names, addresses,

telephone numbers, experience and job positions sought. (Palma Dept. at 106). "I would take care of those, and I would eventually discard them." (Palma Dep. at 106).

The Commission contends that Palma's testimony concerning the maintenance of the application notepad establishes a violation of 42 U.S.C. § 2000e-8(c), and therefore seeks leave to amend its complaint to include this new claim. Cleveland argues that the court should deny the Commission's motion for leave to amend because the Commission's new claim is futile. In addition, Cleveland argues that its hiring decisions were based on "information gleaned from the interview process" rather than data listed on Palma's notepad. Thus, contends Cleveland, Palma's disposal of the notepad is irrelevant.

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served. . . ." Once a responsive pleading has been served, a party may amend its pleading only by leave of court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, a court may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). To

obtain the court's permission to amend its pleading, the moving party must act with due diligence. Parry v. Mohawk Motors, 236 F.3d 299, 306 (6th Cir. 2000).

Cleveland argues that under Foman, the court should deny the Commission's motion to amend on the basis of futility. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun County, 408 F.3d 803, 817 (6th Cir. 2005) (citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir. 1980)). Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c) directs "[e]very employer, employment agency, and labor organization . . . [to] (1) make and keep such records relevant to the determinations of whether unlawful employment practices have been or are being committed, [and] (2) preserve such records for such period. . . ." This requirement is explained in the regulation to Section 2000e-8, 29 C.F.R. § 1602.14:

> Any personnel or employment record made or kept by an employer . . . shall be preserved by the employer for a period of one year from the date of the making of the record or the personnel action involved, whichever occurs later. In the case of involuntary termination of an employee, the personnel records of the individual terminated shall be kept for a period of one year from the date of the termination. Where a charge of discrimination has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII . . . the respondent employer shall preserve all personnel records relevant to the charge or action until final disposition of the charge or the action.

-4-

29 C.F.R. § 1602.14 (2005) (emphasis added).

Despite this duty to maintain personnel records of employees and applicants, Cleveland contends that amendment would be futile because the Commission "has not determined when Mr. Palma received the notice of the charge of discrimination. . . . Therefore, it is just as likely that the signup sheet in question . . . was discarded prior to receipt of notice." (Def's Mem. in Support at 3). At this stage, however, the Commission is not required to prove the merits of its claim. Rather, to avoid denial of its motion for leave to amend its complaint, the Commission need only show that the proposed amendment would survive a motion to dimsiss. Miller, 408 F.3d at 817. Here, if the facts alleged by the Commission are taken as true, the Commission has stated a claim upon which relief can be granted.[1] See Catoire v. Caprock Telecomms. Corp., No. 01-3577, 2003 U.S. Dist LEXIS 8812, at *6 (E.D. La. May 22, 2003) (unpublished) (finding that 42 U.S.C. § 2000e-8(c) provides a cause of action that may be enforced by the Commission). Thus, the court concludes that adding this claim

---

[1] Other than its argument that the Commission has not proven its claim under 42 U.S.C. § 2000e-8(c), Cleveland does not assert any particular basis on which the added claim would not survive a motion to dismiss. The court, therefore, construes Cleveland's argument that the amendment is "futile" as a defense under Fed. R. Civ. P. 12(b)(6) that the Commission has failed to state a claim upon which relief can be granted. See Oneida Indian Nation v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003) ("A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)").

would not be futile.

As a second basis for its opposition to the Commission's motion, Cleveland argues that Palma's disposal of the notepad is irrelevant. Cleveland claims that the new employees were not replacements for the Charging Parties and that the decision to hire the new employees was based on the interview process rather than the information detailed on the disposed notepad. Again, this argument goes to the merits of the Commission's claim. For the purposes of this motion, the court must accept the Commission's claim as true. The proposed amended complaint alleges that "Defendant Cleveland Construction, Inc. terminated the employment of . . . [Charging Parties] because of their race and replaced them with Hispanic employees." (Pla's Proposed Amended Complaint at 1). Paragraphs 27, 28 and 29 of the proposed amended complaint allege further that:

> 27. Defendant Employer's Superintendent hired all employees for the job positions beginning around July 2003.
>
> 28. As part of the hiring process, Defendant's Superintendent and his secretary maintained a notepad/pamphlet of applicants who sought employment. The notepad contained the names, dates, and the years of experience of prospective employees.
>
> 29. The notepad/pamphlet was used by Defendant Employer's Superintendent in lieu of applications.

(Pla's Proposed Amended Complaint at 5). Thus, for purposes of this motion, the court must assume that the new employees were hired as replacements for the Charging Parties and that the notepad

-6-

was used by Palma to hire the new employees.

As discussed above, 42 U.S.C. § 2000e-8(c) requires employers to keep "personnel records relevant to the charge" of discrimination filed against the employer by the Commission or Attorney General. 29 C.F.R. § 1602.14 (2005); see also 42 U.S.C. § 2000e-8(c) (2000). The regulation clarifies the meaning of "relevant" personnel records as follows:

> The term "personnel records relevant to the charge," for example, would include personnel or employment records relating to the aggrieved person and to all other employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates for the same position as that for which the aggrieved person applied and was rejected.

29 C.F.R. § 1602.14 (2005). Because the Commission alleges that the new employees were replacements for the Charging Parties and the notepad was used in lieu of applications, the notepad is a relevant personnel record under 42 U.S.C. § 2000e-8(c).[2]

Finally, the court concludes that the Commission has acted diligently in filing this motion. If a motion to amend is brought at a late stage in litigation, there is an increased burden on the movant to show why the motion was not brought earlier. See Bridgeport Music v. Dimension Films, 383 F.3d 390, 402 (6th Cir.

---

[2] Even assuming, as Cleveland argues, that hiring decisions were based on the interviews, the court notes that "personnel records relevant to the charge" includes not only records concerning the new employees, but also records concerning "all other employees holding positions similar to that held" by the Charging Parties. 29 C.F.R. § 1602.14 (2005).

-7-

2004). The Commission learned of Cleveland's potential violation of 42 U.S.C. § 2000e-8(c) at the July 13, 2005 deposition of Palma. This additional claim, therefore, could not have been included in its original complaint, filed September 15, 2004.

### III. CONCLUSION

For the reasons above, Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED. The Commission shall file an amended complaint with the Clerk of Court within five (5) days from the date of this order, with service upon the defendant.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge


October 21, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 53 in case 2:04-CV-02730 was distributed by fax, mail, or direct printing on October 24, 2005 to the parties listed.

---

Henry T.V. Miller
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

William A. Cash
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
820 Louisiana
Ste. 200
Little Rock, AR 72201

James D. Ludwig
LAW OFFICE OF JAMES D. LUDWIG
5390 Corseview Dr.
Mason, OH 45040

Katharine W. Kores
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Jeff Weintraub
WEINTRAUB STOCK & GRISHAM
1715 Aaron Brenner Dr.
Ste. 512
Memphis, TN 38120

Darin B. Tuggle
Equal Employment Opportunity Commission
1407 Union Ave.
 Suite 621
Memphis, TN 38104

Lisa Ann Overall
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Faye A. Williams
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Honorable Samuel Mays
US DISTRICT COURT